# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:05MC00284

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| GARY A. COOPER, ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the United States' Petition to Enforce an Internal Revenue Summons pursuant to 26 U.S.C. § 7402(b) and 7604(a). The United States' petition is **GRANTED**.

## I. BACKGROUND

Johnny G. Abernathy, Sr. ("Abernathy"), is a duly-commissioned Internal Revenue Service ("IRS") officer in Charlotte, North Carolina who is authorized to issue an IRS summons pursuant 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602.B1. Respondent, Gary A. Cooper ("Cooper"), resides or is found in Charlotte, North Carolina, within the jurisdiction of this Court.

Abernathy is conducting an investigation into the tax liability of Cooper under I.R.C. § 6672 for the calendar years ended December 31, 1997, December 31, 1999, December 31, 2001, December 31, 2002, and December 31, 2003. In the course of this investigation, Abernathy issued an IRS summons on December 20, 2004, ordering Cooper to appear on January 11, 2005, at 2:00 p.m. to testify and to produce for examination the books, records, or other data described in the summons. However, Cooper did not appear on January 11, 2005.

1

On April 1, 2005, Abernathy sent Cooper a final notice to appear on April 13, 2005, at 10:00 a.m. to testify and to produce for examination the books, records, or other data described in the summons, but Cooper did not appear.

This proceeding was brought on July 25, 2005, pursuant to 26 U.S.C. § 7402(b) and 7604(a) to judicially enforce the IRS summons. In his affidavit, Abernathy states that he is conducting an investigation into the tax liability of Cooper for the calendar years ended 12/31/1997, 12/31/1999, 12/31/2001, 12/31/2002, and 12/31/2003. He attests that the IRS does not have in its possession the testimony and requested documents and that both are necessary in order to properly investigate the Federal tax liability of the assessed Civil Penalty under I.R.C. § 6672. Finally, Abernathy attests that all administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

## II. PETITION

In order to obtain a judicial enforcement of a summons, the United States must establish a prima facie case for enforcement under U.S. v. Powell, 379 U.S. 48, 57-8 (1964). Powell requires the government to "show that the investigation will be conducted pursuant to a legitimate purpose, that the information sought is not already within the [Government's] possession, and that the administrative steps required by the Code have been followed." Id.

Here, the United States' petition and Abernathy's affidavit clearly state a prima facie case for enforcement under Powell. Further, Cooper has not challenged the petition. As a result,

**IT IS THEREFORE ORDERED** that the United States' Petition to Enforce an Internal Revenue Service Summons is hereby **GRANTED**.

Signed: July 10, 2006

Graham C. Mullen
United States District Judge